# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**NATIONAL CAPITAL MANAGEMENT, LLC,**

          **Appellant,**

**-vs-**                                    **Case No. 6:11-cv-9-Orl-28**

**DAVID HERMAN,**

          **Appellee.**
_____/

## ORDER

On February 22, 2010, the bankruptcy court disallowed National Capital Management, LLC's ("NCM") unsecured claim made in David Herman's ("Debtor") Chapter 13 bankruptcy proceeding. Seven months later, NCM filed a motion for reconsideration of the order disallowing its claim. NCM now appeals the order denying its motion for reconsideration, arguing that the bankruptcy court abused its discretion. As discussed below, the bankruptcy court committed no error, and the order denying reconsideration must be affirmed.

I. Standard of Review

"A bankruptcy court's decision to allow or disallow a claim is reviewed under the abuse of discretion standard." Chira v. Salkin (In re Chira), 378 B.R. 698, 708 (Bankr. S.D. Fla. 2007). "An abuse of discretion occurs if the judge fails to apply the proper legal standard or to follow proper procedures in making the determination, or bases an award upon findings of fact that are clearly erroneous." Hatcher v. Miller (In re Red Carpet Corp. of Panama City Beach), 902 F.2d 883, 890 (11th Cir. 1990). Accordingly, the Court reviews

the bankruptcy court's legal determinations *de novo* but will not disturb a finding of fact unless "the record lacks substantial evidence to support it, such that" the Court is left "with the definite and firm conviction that a mistake has been committed." Blohm v. Comm'r of Internal Revenue, 994 F.2d 1542, 1548 (11th Cir. 1993) (quotations omitted).

II. Background

On March 11, 2009, Debtor filed a Chapter 13 petition for bankruptcy in which he listed Washington Mutual as an unsecured creditor in the amount of $28,445.15. (Schedule F, Doc. 12-2, at 4). For collection purposes, Debtor also listed Hudson and Keyse, LLC ("H&K") as an unsecured creditor in the amount of $1.00 because H&K was the assignee of the Washington Mutual account. (Id. at 3; Doc. 2-8). Thereafter, on March 23, 2009, Debtor filed his Chapter 13 plan. (Doc. 2-8).

Prior to the July 15, 2009 deadline for filing claims, H&K filed a Proof of Claim for the amount listed in Debtor's Schedule F–$28,445.15–referencing Debtor's Washington Mutual line of credit, (Doc. 12-4), and Debtor filed a timely Objection to it based on the grounds that NCM had failed to attach evidence of Debtor's pledge of interest in the account. (Doc. 12-5). On September 1, 2009, H&K transferred its claim to NCM. (Doc. 12-3). In an Order issued on October 14, 2009, the bankruptcy judge sustained Debtor's Objection but gave NCM leave to file an Amended Proof of Claim along with "adequate documentation." (Doc. 12-6). On November 3, 2009, NCM filed an Amended Proof of Claim along with a copy of a billing statement for October 2006 and a document titled "Important Notice of Changes." (Doc. 12-1). Debtor objected to the Amended Proof of Claim on the same grounds as the original Proof of Claim. (Doc. 12-7).

On February 22, 2010, the bankruptcy judge sustained Debtor's Objection to NCM's Amended Proof of Claim and disallowed H&K's claim in its entirety. (Doc. 12-12). Subsequently, on March 1, 2010, Debtor's Chapter 13 Plan was confirmed. (Doc. 3-11). Upon completion of the Chapter 13 Plan, Debtor filed his Notice of Completed Plan and Request for Discharge, (Doc. 3-16), after which the bankruptcy court entered its Order of Discharge on April 7, 2010, (Doc. 3-17). The Trustee then filed a Final Report and Account on May 17, 2010. (Doc. 4-1).

On September 24, 2010–seven months after NCM's Amended Proof of Claim was filed and five months after Debtor's discharge–NCM filed its motion for reconsideration of the bankruptcy court's order disallowing its Amended Claim. (Doc. 12-8). The bankruptcy judge conducted a hearing on the motion to reconsider on November 2, 2010. (Doc. 12-14). After being fully advised by counsel for the parties and the Trustee, the bankruptcy court orally announced its ruling that NCM's motion for reconsideration was denied. (Id. at 5). This ruling was memorialized in the bankruptcy court's written order issued on November 22, 2010, (Doc. 12-13), and it is from that Order that NCM now appeals.

III.  Legal Framework

A bankruptcy court may reconsider an order allowing or disallowing a claim pursuant to 11 U.S.C. § 502(j). "Reconsideration under § 502(j) is a two-step process. A court must first decide whether 'cause' for reconsideration has been shown. Then, the Court decides whether the 'equities of the case' dictate allowance or disallowance of the claim." In re Rayborn, 307 B.R. 710, 720 (S.D. Ala. 2002) (citations omitted); see also In re Gomez, 250 B.R. 397, 400 (Bankr. M.D. Fla. 1999) ("Section 502(j) does not permit the reckless

reconsideration of a claim . . . . Instead, § 502(j) allows reconsideration of allowed or disallowed claims [] only *for cause.*").

Although the Bankruptcy Code does not define "cause," many courts–including the Fifth Circuit in Colley v. National Bank of Texas (In re Colley), 814 F.2d 1008, 1010-11 (5th Cir. 1987)–"have likened the 'cause' standard found in section 502(j) with the substantive requirements of [Federal Rule of Bankruptcy Procedure ("FRBP")] 9024 and [Federal Rule of Civil Procedure ("FRCP")] 60(b)." In re Coffman, 271 B.R. 492, 498 (Bankr. N.D. Tex. 2002) (collecting cases). The Eleventh Circuit also appears to endorse this approach. See Int'l Yacht & Tennis, Inc. v. Wasserman (In re Int'l Yacht & Tennis, Inc.), 922 F.2d 659, 662 (11th Cir. 1991) (citing Colley, 814 F.2d at 1010). The substantive requirements referred to are as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under [FRCP] 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b); see also Fed. R. Bankr. P. 9024 (stating that the requirements of FRCP 60 apply in bankruptcy proceedings with limited exceptions). Furthermore, "[t]he bankruptcy court has broad discretion in deciding whether to reconsider a claim." In re Sw. Fla. Telecomms., Inc., 234 B.R. 137 (Bankr. M.D. Fla. 1998) (citing Colley, 814 F.2d at 1010).

IV. Discussion

   A. Jurisdiction

As a threshold matter, Debtor argues that this Court does not have jurisdiction over this appeal because NCM's Notice of Appeal was untimely. (Doc. 23 at 16). Although Debtor does not contest the fact that NCM filed its Notice of Appeal within the required fourteen-day time period following the order denying NCM's motion for reconsideration, Debtor asserts that NCM is actually attempting to inappropriately extend its time to appeal the order disallowing its claim and the discharge order.

While "a timely motion for rehearing tolls the time for filing an appeal," Mike v. Glendale Fed. Sav. & Loan Ass'n (In re Mike), 796 F.2d 382, 383 (11th Cir. 1986), an untimely motion does not, Harvey Paul Muslin, P.A. v. Golden Triangle Film Labs, Inc. (In re Golden Triangle Film Labs, Inc.), 164 B.R. 670, 672 (M.D. Fla. 1994); see also Fed. R. Bankr. P. 8002. As discussed below, NCM's motion for reconsideration was untimely, and therefore it did not toll the time to appeal from the disallowance order or the discharge order. Nevertheless, because NCM timely filed its appeal of the order denying its motion for reconsideration, the Court has jurisdiction to review that decision. This review, however, is

limited to the bankruptcy court's denial of NCM's motion for reconsideration; the Court will not review either the disallowance order or the discharge order.

### B. Whether the Bankruptcy Court Abused its Discretion

The basis of NCM's appeal is that the bankruptcy court abused its discretion by improperly balancing the equities of the case and denying its motion for reconsideration. NCM attempts to gloss over the issue of cause by asserting that the bankruptcy court "must have found a showing of 'cause'" because "it listened to arguments on the merits" during the hearing on this matter. (Doc. 12 at 10). NCM's argument misses the mark, however, because the bankruptcy court did not entertain arguments on the merits of NCM's motion, nor did it find that there was cause for reconsideration.

During the hearing on NCM's motion, counsel for NCM argued that the basis–or cause–for reconsideration was that NCM had not received notice of Debtor's Objection to the Amended Proof of Claim, (Doc. 12-14 at 2), and NCM continues to make this argument on appeal. Indeed, the Certificate of Service contained in Debtor's written Objection to the Amended Proof of Claim indicates that service was made on H&K but does not mention NCM. (Doc. 12-7). The argument that NCM had not received notice was, however, refuted by counsel for Debtor, who advised the bankruptcy judge that he had served NCM with a copy of the Objection electronically and by U.S. mail and that NCM had responded to the Objection–thereby establishing actual notice. (Doc. 12-14 at 3-4). ECF records confirm that

NCM was indeed served. (Doc. 3-7). Therefore, the bankruptcy court properly determined that there was not cause to reconsider the disallowance order.[1]

The bankruptcy court also denied NCM's motion as untimely. (Doc. 12-14 at 5-6). NCM asserts that this was an abuse of discretion because there is no limitation on the time period in which it can file a motion for reconsideration. NCM bases its argument on FRBP 9024 and FRCP 60(c). FRCP 60(c) provides that a motion for reconsideration "must be made within a reasonable time" and if the motion is based on reasons one, two, or three provided in FRCP 60(b)[2] the motion may not be made "more than a year after the entry of the . . . order." As discussed previously, FRBP 9024 states that FRCP 60 applies in bankruptcy proceedings with limited exceptions. One such exception is that "reconsideration of an order allowing or disallowing a claim against the estate entered without a contest is not subject to the one year limitation prescribed in Rule 60(c)." Fed. R. Bankr. P. 9024. NCM argues that the disallowance order was entered "without a contest" and therefore is not subject to the one-year limitation. NCM then asserts that because its motion is not subject to the one-year limitation, it is not subject to any time limitation. NCM's argument is without merit.

First, NCM's motion is, in fact, subject to the one-year limitation of FRCP 60(b) because the disallowance order was not entered "without a contest." Debtor filed an

---

[1] Although the bankruptcy court did not explicitly reject NCM's contention that it did not receive notice of Debtor's Objection, it implicitly did so by entertaining the argument and denying NCM's motion.

[2] The full text of FRCP 60(b) is provided in Section III *supra*.

objection to NCM's Amended Proof of Claim, and "the filing of an objection to a proof of claim in bankruptcy creates a 'contested matter' and, therefore, an order by which that objection is later resolved . . . is not 'entered without a contest' for the purpose of [FRBP] 9024." Ga. Dep't of Revenue v. Mouzon Enters., Inc. (In re Mouzon Enters., Inc.), 610 F.3d 1329, 1335 (11th Cir. 2010). Nevertheless, the one-year limitation does not bar NCM's motion because NCM filed it seven months after the entry of the disallowance order–within the one-year time frame.

Contrary to NCM's assertions, however, this does not mean that NCM's motion is per se timely. Rather, NCM's motion is still subject to the "reasonable time" limitation of FRCP 60(c). See Universal Serv. Admin. Co. v. PT-1 Commc'ns, Inc., 437 B.R. 766, 775 (Bankr. E.D.N.Y. 2010) (noting that even if the one-year time limit provided in FRCP 60(c) is inapplicable, the "reasonable time" requirement still applies). As the bankruptcy court aptly determined, NCM's motion was not filed within a reasonable time. During the seven months that lapsed between the denial of NCM's Amended Proof of Claim and NCM's filing of its motion for reconsideration, Debtor completed the Chapter 13 Plan and made all necessary payments, and the bankruptcy court entered a discharge order. Additionally, NCM failed to provide any justification for its tardy action other than its alleged lack of notice. (See Doc. 12-14 at 5 (counsel for NCM stating: "Your Honor, I don't know why it took so long [for NCM to file its motion for reconsideration]"). Accordingly, the bankruptcy court did not abuse its discretion in determining that NCM failed to file its motion within a "reasonable time" and in denying NCM's motion for reconsideration.

IV. Conclusion

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** that the bankruptcy court's order denying NCM's motion for reconsideration (Docs. 12-13 & 12-14) is **AFFIRMED**. The Clerk is directed to enter judgment affirming the decision of the bankruptcy court and thereafter to close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida this 29th day of September, 2011.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party